IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01758-REB-MJW

DOUGLAS A.  GLASER,

Plaintiff,

v.

THE KENTWOOD COMPANY CHERRY CREEK, LLC, et al.,

Defendants.

**ORDER REGARDING
[PRO SE PLAINTIFF'S] MOTION TO COMPEL RESPONSES TO
INTERROGATORIES (DOCKET NO. 68)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the [Pro Se Plaintiff's] Motion to Compel Responses to Interrogatories (docket no. 68).  The court has reviewed the subject motion (docket no. 68) and the response (docket no. 70) thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . ." Fed. R. Civ. P. 26(b)(1). "Despite this broad language, the rule does allow a court to limit discovery if 'the burden or expense of the proposed discovery outweighs its likely benefit.'" Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000). A given topic is relevant if it has "the mere tendency" of making any material fact more or less probable. Fed. Deposit Ins. Corp. v. Wise, 139 F.R.D. 168, 170 (D. Colo. 1991). See Fed. R. Evid. 401;

5. That the Pro Se Plaintiff's legal claims against Defendant Rollie Jordan are outlined in paragraph 3 Statement of Claims and Defenses in the Rule 16 Scheduling Order dated October 1, 2009 (docket no. 52). Such claims are:

   a. **Tort:** Defendant Jordan committed acts in tort by allowing others to live in Plaintiff's home and in

3

      stealing and in allowing others to steal Plaintiff's property;

b. **Breach of contract:** Plaintiff entered into contract with Rollie Jordan, who acted on behalf of Kentwood, to sell his home. Defendant Jordan acted in a wilful and wanton manner in failing to execute her responsibilities listed in that contract;

c. **Breach of fiduciary duty:** If a real estate broker's breach of fiduciary duty causes actual loss to the seller, the broker not only forfeits the commission but also is liable for the full amount of the loss. Defendant Jordan's actions led to quantifiable economic losses for Plaintiff;

d. **Principal incurred losses or agent obtained profits:** If a principal incurs losses or agent obtains secret profits as a result of agent's breach of fiduciary duty, agent is liable for damages. Defendant Jordan sold some of Plaintiff's belongings, stole others, and may have collected rent money from individuals she allowed to live in Plaintiff's home without his knowledge or authorization;

e. **Conversion of funds:** In violation of C.R.S. § 12-61-

4

113(g.5), Rollie Jordan utilized funds from Chubb payment for fixing roof for uses not authorized by Plaintiff, including payments to Penthouse movers to move his personal belongings to undisclosed locations and payment to Carrie Greene for attorneys fees, as well as other payments to other sources and possibly to herself;

6. That as to these claims listed above in paragraph 5, Defendant Rollie Jordan denies all of these claims against her. See <u>Statement of Case by Jordan</u> in paragraph 3 b in the Rule 16 Scheduling Order dated October 1, 2009 (docket no. 52);

7. That a pro se litigant, such as Plaintiff Douglas A. Glaser, is required to follow the same rules of procedure and orders of the court that govern other litigants. <u>Oklahoma Federated Gold and Numismatics v. Blodgett</u>, 24 F.3d 136, 139 (10th Cir. 1994) (internal citation omitted);

8. That, in the future, the Pro Se Plaintiff Glaser shall meet and confer, consistent with D.C.COLO.LCivR 7.1 A, before filing any further discovery motions or be subject to sanctions;

9. That Defendant Rollie Jordan's objections to the Pro Se Plaintiff's Interrogatories that such Interrogatories are irrelevant, over broad, and neither calculated nor likely to lead to the discovery of admissible evidence are all overruled; and

5

10. That a protective order on the **use** of interrogatory responses by Defendant Rollie Jordan should be entered in this case pursuant to Fed. R. Civ. P. 26(c);

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That the [Pro Se Plaintiff's] Motion to Compel Responses to Interrogatories (docket no. 68) is **GRANTED**;

2. That Defendant Rollie Jordan shall provide full and complete responses to Plaintiff's Interrogatories on or before January 8, 2010;

3. That the responses to such Interrogatories may be used by the parties for the limited purpose of this lawsuit **only** and for no other purpose pursuant to Fed. R. Civ. P. 26(c); and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 22nd day of December 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE