IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-01758-REB-MJW

DOUGLAS A. GLASER,

    Plaintiff,

v.

ROLLIE JORDAN,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS AMENDED COMPLAINT PURSUANT
TO FED.R.CIV.P. 12(b)(6), OR IN THE ALTERNATIVE, MOTION TO STRIKE
PURSUANT TO FED.R.CIV.P. 12(f)(2)**

**Blackburn, J.**

    The matter before me is defendant's **Motion To Dismiss Amended Complaint Pursuant To Fed.R.Civ.P. 12(b)(6), or in the Alternative, Motion To Strike Pursuant To Fed.R.Civ.P. 12(f)(2)** [#39][1] filed August 27, 2009. I grant the motion is part and deny the motion in part.

    Plaintiff is acting *pro se*. Therefore, I have reviewed all of his pleadings and papers more liberally than pleadings or papers filed by attorneys. **See, e.g., Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

    Defendant seeks the entry of an order dismissing plaintiff's Amended Complaint

---

[1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[#10] ("complaint") pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, or in the alternative, an order striking portions of plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(f)(2).

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[2]

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it

Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

Considering the allegations of plaintiff's complaint in light of these apposite standards of review and through the liberal prism reserved for pro se litigants and being apprised of the legal arguments and authorities raised by and inherent to the motion, I find that the complaint adequately sets forth facts that state a claim for relief that is plausible on its face. Accordingly, defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) must be denied.

Under Fed.R.Civ.P. 12(f)(2), the court may strike from a pleading any redundant, immaterial, impertinent or scandalous matter. The purpose of this rule is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case. ***United States v. Smuggler-Durant Mining Corp.***, 823 F.Supp. 873, 875 (D. Colo. 1993). In the second paragraph of the fourth page of the complaint, plaintiff alleges, "[F]urther, the apartment that the Plaintiff arrived at was in complete disarray, with drug paraphernalia and empty alcoholic beverage containers strewn everywhere. The apartment was severely damaged." See Complaint, at 4-5. Prior to that allegation,

---

is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

plaintiff alleged that defendant Jordan's son lived in the subject apartment. *Id.*, at 4. Clearly, plaintiff accuses defendant Jordan's son of drug and alcohol abuse in the complaint. Those allegations are wholly unrelated to the substance of the complaint, *i.e.*, that defendant Jordan apparently allegedly stole personal property from plaintiff. Thus, those allegations are irrelevant. Irrelevant allegations will be stricken as scandalous if they degrade moral character, contain repulsive language, or detract from the dignity of the court. **Nault's Auto. Sales v. American Honda Motor Co.**, 148 F.R.D. 25, 30 (D. N.H.1993). "Scandalous" includes allegations that cast a cruelly derogatory light on a party or other person. In re **2TheMart.com, Inc. Securities Litigation**, 114 F.Supp.2d 955 (C.D. Cal. 2000). Thus, not only are the subject allegations irrelevant, they are also scandalous by irrelevantly casting defendant Jordan's son as a drug and alcohol abuser and, thus, those allegations must be stricken from the Complaint pursuant to Fed.R.Civ.P. 12(f)(2).

On the last page of the complaint, plaintiff requests, *inter alia*, punitive damages. See Complaint, at 7. In the State of Colorado, the inclusion of a claim for punitive damages is prohibited in the initial pleading and allowed only after the plaintiff establishes prima facie proof of a triable issue of exemplary damages. See §13-21-102(1.5)(a), C.R.S. Plaintiff asserts a plausible claim for civil theft under Colorado law, a claim that is subject to the strictures of §13-21-102, C.R.S. See, *e.g.*, **West Ridge Group, L.L.C. v. First Trust Co. of Onaga**, 2009WL641258 (March 10, 2009 D. Colo. 2009)(inclusion of claim for punitive damages in initial complaint improper). Accordingly, plaintiff's claim on page seven (7) of the complaint is immaterial,

impertinent, and improper under Colorado law and for now must be stricken from the complaint pursuant to Fed.R.Civ.P. 12(f)(2).

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion To Dismiss Amended Complaint Pursuant To Fed.R.Civ.P. 12(b)(6), or in the Alternative, Motion To Strike Pursuant To Fed.R.Civ.P. 12(f)(2)** [#39] filed August 27, 2009, is **GRANTED** in part, and **DENIED** in part:

    a. That the motion is granted insofar as it requests that the averments of the Amended Complaint [#10] in the second paragraph of the fourth page of the complaint (continuing on to page 5), where plaintiff alleges, "[F]urther, the apartment that the Plaintiff arrived at was in complete disarray, with drug paraphernalia and empty alcoholic beverage containers strewn everywhere," be stricken under Fed. R. Civ. P. 12(f)(2);

    b. That the motion is granted insofar as it requests that plaintiff's premature request for punitive damages be stricken under Fed. R. Civ. P. 12(f)(2); and

    c. That the motion is denied insofar as it requests that the claims of the plaintiff be dismissed for failure to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Dated March 30, 2010, at Denver, Colorado.

                                        **BY THE COURT:**

                                        */s/ Robert E. Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge