IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-01758-REB-MJW

DOUGLAS A. GLASER,

    Plaintiff,

v.

ROLLIE JORDAN,

    Defendant.

## ORDER OF DISMISSAL

**Blackburn, J.**

The matter comes before the court on the following motions: (1) defendant's **Second Renewed Motion for Sanctions** [#120][1] filed May 4, 2010; and 2) defendant's **Motion To Dismiss Pursuant To FED. R. CIV. P. 41(b)** [#121] filed May 4, 2010. Plaintiff did not file a response to either motion. Because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). I grant both motions and dismiss this case with prejudice.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

---

[1] "[#120]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II. FACTS

On January 26, 2010, the defendant, Rollie Jordan, filed a **Motion to Compel and for Sanctions** [#87], seeking an order entering sanctions against the plaintiff, Douglas Glaser, based on Glaser's failure to appear for his deposition and his failure to comply with written discovery requests directed to Glaser. In an order [#90] entered February 24, 2010, United States Magistrate Judge Michael J. Watanabe granted the motion. In his February 24, 2010 Order, Magistrate Judge Watanabe specifically ordered:

> Plaintiff shall meet and confer with Defendant Rollie Jordan's legal counsel and shall clear a date and time for his deposition within seven (7) days from the date of this Minute Order. Failure by Plaintiff to appear for his deposition may result in sanctions that may include a recommendation for dismissal of his claims against Defendant Rollie Jordan consistent with Fed.R.Civ.P. 37. Plaintiff shall further fully response (sic) to the outstanding written discovery requests by Defendant Rollie Jordan on or before March 12, 2010.

*Minute Order* [#90], filed February 24, 2010.

On March 18, 2010, Jordan was forced to file a **Renewed Motion for Sanctions** [#94] seeking a sanction of dismissal of this case with prejudice because Glaser failed to comply with Magistrate Judge Watanabe's February 24, 2010 Order. Glaser never filed a response to Jordan's **Renewed Motion for Sanctions**. Instead, Glaser filed his own **Motion to Compel and for Sanctions** [#105] on April 9, 2010. Glaser sought to, *inter alia*, to compel Jordan's compliance with certain discovery requests, even though I previously had sustained Jordan's objections to those discovery requests. *Order Concerning Defendant's Objection To the Order of the Magistrate Judge* [#89] filed February 10, 2010. On April 14, 2010, Magistrate Judge Watanabe issued a minute order [#109] setting both Jordan's **Renewed Motion for Sanctions**

2

and Glaser's **Motion to Compel and for Sanctions** for oral argument on April 27, 2010, at 8:30 a.m. Magistrate Judge Watanabe specifically ordered the parties to appear in person at the hearing. *Minute Order* [#109] filed April 14, 2010.

On April 27, 2010, Jordan appeared with counsel for the scheduled motions hearing, but Glaser failed to appear. Magistrate Judge Watanabe took notice on the record that Glaser properly was advised of the hearing date, had not moved for a continuance of the hearing or otherwise contacted the court, and there were no possible weather-related extenuating circumstances excusing Glaser's failure to appear for the hearing. After affording Jordan's counsel the opportunity to argue both motions at issue, Magistrate Judge Watanabe entered an order [#110] granting Jordan's **Renewed Motion for Sanctions** and denying Glaser's **Motion to Compel and for Sanctions**.

In that order [#110], Magistrate Judge Watanabe ordered:

> Plaintiff shall appear for his deposition **MAY 03, 2010 at 1:30 p.m.** in the law office of counsel Jeffrey A. Springer. Defendant shall issue a notice of deposition, sending by e-mail and overnight mail. Plaintiff was previously ordered by the Court on February 24, 2010 to bring responses to the outstanding written discovery to his deposition. (See Docket No. 90). Plaintiff is directed to bring responses to the outstanding written discovery with him to his May 3rd deposition.
>
> Failure of plaintiff to appear for the May 3rd scheduled deposition and/or bring full and complete responses to discovery may result in the Court issuing a recommendation that this civil action be dismissed with prejudice and for additional sanctions.

*Courtroom Minutes / Minute Order* [#110] filed April 27, 2010.

On May 3, 2010, Glaser appeared for his deposition at Jordan's counsel's office. Despite this court's repeated, specific orders, Glaser failed to bring to his May 3, 2010, deposition the written discovery that Magistrate Judge Watanabe had ordered Glaser to produce at his deposition on May 3, 2010. Nothing in the record indicates that Glaser

3

later complied with the court's order that he produce this written discovery.

In addition, on December 22, 2009, Magistrate Judge Watanabe ordered Glaser to confer with opposing counsel, as required by D.C.COLO.LCivR 7.1A., before filing any "further discovery motions or be subject to sanctions." *Order* [#75] filed December 22, 2009. On January 22, 2010 and May 3, 2010, Glaser filed motions to extend the discovery cutoff, but did not include certificates of compliance consistent with the requirements of D.C.COLO.LCivR 7.1A. On October 1, 2009, Magistrate Judge Watanabe ordered the parties to meet and confer regarding a proposed final pretrial order that was due to be filed by May 3, 2010. *Courtroom Minutes / Minute Order* [#50] filed October 1, 2009, p. 5. Glaser failed to comply with this requirement.

### III. ANALYSIS

#### A. Dismissal As A Sanction

FED. R. CIV. P. 37 addresses the sanctions to be imposed when a party fails to comply with valid discovery obligations. That rule provides, *inter alia*, that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, including an order "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37 (b)(2)(A). When a court imposes sanctions under FED. R. CIV. P. 37, "the court must require the party failing to act . . .to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure to act was substantially justified or other circumstances make an award of expenses unjust." In addition, a district court retains the power to dismiss an action with prejudice for failure to comply with the Federal Rules of Civil Procedure or with the court's duly issued orders. FED. R. CIV. P. 41(b).

In determining whether dismissal as a sanction is appropriate, I must evaluate

4

several factors, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

**Gripe v. City of Enid, Okl**., 312 F.3d 1184, 1188 (10th Cir. 2002), citing **Ehrenhaus v. Reynolds**, 965 F.2d 916, 918 (10th Cir. 1992). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." **Erenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992). Dismissal is an appropriate sanction if, after considering all of the factors, the court "concludes that dismissal alone would satisfy the interests of justice." **Id**. Applying these factors, I conclude that dismissal is an appropriate sanction in this case.

1. Degree of actual prejudice to the defendant - I find that Jordan has suffered substantial actual prejudice as a result of Glaser's intransigence. Glaser's unwillingness to comply with his discovery obligations has essentially brought this case to a grinding halt. Among other things, Glaser's intransigence has required Jordan to attend a deposition at which Glaser failed to appear, without any valid reason, and has required Jordan to file motions and attend hearings directed primarily at finding a remedy for Glaser's non-compliance. Glaser's failures blocked Jordan's ability to conduct complete discovery, delayed the resolution of this case, and caused Jordan to incur significant attorney fees and costs in an effort to obtain a discovery from Glaser. In combination, such delay and expense satisfy the first factor. **See, e.g., Erenhaus**, 956 F.2d at 921.

2. Amount of interference with the judicial process - Glaser's willful failures to comply with his discovery obligations have interfered substantially with the judicial

process. Progress toward the resolution of Glaser's case has been brought to a standstill by Glaser's inexplicable and unexcused failure to provide discovery. Glaser's froward disregard of the court's rules concerning discovery and the court's orders is inherently contumacious and has "hindered the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing party." ***Mobley v. McCormick***, 160 F.R.D. 599, 601 (D. Colo. 1995) (quoting ***Jones v. Thompson***, 996 F.2d 261, 265 (10th Cir. 1993)). This satisfies the second factor. *Id*.

3. Glaser's cupability - Glaser repeatedly has failed to comply with his discovery obligations and other obligations as a party to this case. Nothing in the record indicates that there is any reason for Glaser's non-compliance other that Glaser's recusant decision to flout the rules applicable to this lawsuit and the court's orders. I find that Glaser intentionally has disregarded his obligation to comply with the Federal Rules of Civil Procedure and the orders of this court. Glaser's intentional disregard satisfies the third factor.

4. Warning that dismissal is a sanction for non-compliance - In at least two orders, docketed as [#90 and #110], Magistrate Judge Watanabe warned Glaser that dismissal of this case was a possible sanction for Glaser's non-compliance with his discovery obligations and with the orders of this court. Glaser has been given ample warning that dismissal is the likely sanction for his refusal to comply with his discovery obligations and the orders of this court.

5. Efficacy of lesser sanctions - Glaser has been given ample opportunity to comply with his discovery obligations and this court's orders and ample warning of the consequences of his non-compliance. These efforts have been ineffective. Having reviewed the record, I conclude that it is highly unlikely that any sanction short of

6

dismissal would motivate Glaser to comply with his obligations in this case.

Dismissal is an appropriate sanction when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. . . ." **Erenhaus**, 965 F.2d at 916 (quoting **Meade v. Grubbs**, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988)). In this case, all five of the relevant factors weigh heavily in favor of dismissal as a sanction for Glaser's failure to comply with his discovery obligations and the orders of this court. The aggravating factors substantially outweigh the judicial system's strong predisposition to resolve cases on their merits. Applying the standards applicable under FED. R. CIV. P. 37, 41, **Gripe v. City of Enid, Okl**., 312 F.3d 1184, 1188 (10th Cir. 2002), and **Ehrenhaus v. Reynolds**, 965 F.2d 916, 918 (10th Cir. 1992), I conclude that dismissal of this case with prejudice is the appropriate sanction for Glaser's intransigence.

### B. Attorney Fees & Costs

Because I direct in this order the entry of judgment in favor of Jordan, I also award to Jordan her costs under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1. Under FED. R. CIV. P. 37(d)(3), I must require Glaser to pay the reasonable expenses, including attorney fees, caused by his failure to comply with his discovery obligations. Therefore, I direct Jordan to file a statement documenting the amount of reasonable attorney fees and other reasonable expenses she seeks under Rule 37(d)(3), over and above costs that may be awarded under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1. If Jordan files such a statement, then I will award reasonable attorney fees and costs in favor of Jordan and against Glaser.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Second Renewed Motion for Sanctions** [#120] filed May 4, 2010, is **GRANTED** on the terms stated in this order;

2. That the defendant's **Motion To Dismiss Pursuant To FED. R. CIV. P. 41(b)** [#121] filed May 4, 2010, is **GRANTED** on the terms stated in this order;

3. That **JUDGMENT SHALL ENTER** in favor of the defendant, Rollie Jordan, and against the plaintiff, Douglas A. Glaser;

4. That on or before July 26, 2010, the defendant **MAY FILE** a motion seeking and circumstantiating an award of reasonable attorney fees and expenses under Fed.R.Civ.P. 37;

5. That any response and reply **SHALL BE MARSHALED** in the time and manner prescribed by D.C.COLO.LCivR 7.1C.;

6. That the defendant, Rollie Jordan, is **AWARDED** her costs, to be taxed by the Clerk of the Court under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That this action is **DISMISSED WITH PREJUDICE** as a sanction for the plaintiff's failure to comply with his discovery obligations and his failure to obey the orders of this court.

Dated July 9, 2010, at Denver, Colorado.

BY THE COURT:

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge